IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:22-cv-102

| | |
|---|---|
| JOE VALENTINE and IRENE VALENTINE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| TOWN OF CHAPEL HILL, | ) ) |
| Defendant. | ) |

Defendant, TOWN OF CHAPEL HILL (*hereinafter*, the "Town" or "Defendant"), by and through undersigned counsel and respectfully submits the following Response in Opposition to Plaintiffs' Motion for Preliminary Injunction [Doc. 20].

### NATURE OF THE MATTER BEFORE THE COURT

This action, filed by Plaintiffs on February 4, 2022, seeks a declaration that the Town's short-term rental ordinance ("STR Ordinance") is illegal. Complaint, Feb. 4, 2022, Doc. 1 at 3 (*hereinafter*, "Complaint"). Plaintiffs' Complaint requested that the Court grant declaratory and other relief on the bases that the enactment of the STR Ordinance: (1) was arbitrary and capricious [Compl. ¶¶63-81]; (2) violated Plaintiffs' rights to due process under the

Fourteenth Amendment to the U.S. Constitution and the near-synonymous Article 1, § 19 of the North Carolina State Constitution [*id.* ¶¶82-95]; (3) violated Plaintiffs' rights to equal protection under the Fourteenth Amendment and Article 1, § 19 [*id.* ¶¶96-105]; (4) deprived Plaintiffs of vested rights [*id.* ¶¶106-110]; (5) was *ultra vires* [*id.* ¶¶ 111-120]; (6) was violative of Open Meetings Law [*id.* ¶¶121-125]; (7) was prohibited by the Dormant Commerce Clause [*id.* ¶¶126-131]; and (8) was prohibited by N.C. Gen. Stat. § 160D-1207(c) [*id.* ¶¶132-146].

In lieu of filing an Answer, on May 19, 2022, Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), which was fully briefed by the parties. *See* Def.'s Mot. to Dismiss, Doc. 9; Br. in Supp. of Def.'s Mot. to Dismiss, Doc. 10; Br. in Opp. to Def.'s Mot. to Dismiss, Doc. 11; Resp. to Mot. to Dismiss, Doc. 12; Reply Br. in Support of Def.'s Mot. to Dismiss, Doc. 13. Less than a month after Defendant's Reply Brief was filed, Plaintiffs filed a Motion to Amend Complaint to add claims for relief, including 9) a declaration that the STR Ordinance's registration and permitting requirements "fails entirely due to lack of a

2

severability clause and cannot be enforced"; (10) a declaration that the STR Ordinance is an unconstitutional restriction on Plaintiffs' freedom of movement and travel; and (11) a declaration that the STR Ordinance is vague and overbroad. *See* Mot. to Amend. Compl., Doc. 14 at 37-46. Defendant opposed Plaintiffs' motion as futile, because Plaintiffs' proposed new claims would be subject to dismissal under Rules 12(b)(1) and 12(b)(6), just the same as the claims pled in their original Complaint. *See* Def.'s Resp. in Opp. to Pls.' Mot. to Amend, Doc. 15.

On December 23, 2023, Plaintiffs filed a document titled "Motion for Preliminary Injunction." Doc. 20. It included a statement of grounds for the motion and legal argument, but no statement of facts or other components of a brief pursuant to LCR 7.2(a). Plaintiffs also did not file any supporting documents with the motion, such as affidavits.

### STATEMENT OF ALLEGED FACTS

Plaintiffs Joe and Irene Valentine are married and currently reside in Florida. Compl. ¶¶1, 8. In July 2004, Plaintiffs purchased a single-family residence at 103 New Parkside Drive in Chapel Hill. In its zoning ordinances, the

3

Town has Plaintiffs' neighborhood as within the Residential-2 (R-2) zoning district. *Id.* ¶8. From July 2004 through August 2016, Plaintiffs lived in the Chapel Hill house as their primary residence. Compl. ¶9. In August 2016, Plaintiffs relocated temporarily to Washington, D.C., but never moved back to Chapel Hill. *Id.* ¶9. Rather than selling their Chapel Hill house, Plaintiffs tried to lease the property to pay the mortgage and other expenses but allege that they could not find long-term rental tenants. *Id.* ¶10.

On October 11, 2016, Plaintiffs began operating their Chapel Hill house as a dedicated short-term rental business through online listing services Airbnb and HomeAway (now Vacation Rentals by Owner (VRBO)). Compl. ¶14. Between October 2016 and December 2021, Plaintiffs undertook 96 short-term rental transactions through Airbnb and VRBO at their Chapel Hill house, which was not otherwise occupied by Plaintiffs or other residents during that time. *Id.* ¶¶14-15, 19. During this time, in 2018, Plaintiffs moved from Washington, D.C. to Florida and purchased a second home, which is now their primary residence. *Id.* ¶9.

4

On June 23, 2021, the Town Council unanimously enacted the STR Ordinance. *Id.* ¶¶49-50. The STR Ordinance amended the LUMO with new definitions and use categories for STRs and to prohibit operation of dedicated STRs in residential zones, including zone R-2. *Id.* ¶46, *see also* Doc. 14-1. Violations of these provisions carry penalties, which will apply after a grace period of 18 months to allow dedicated STR operators, like Plaintiffs, to come into compliance with the ordinance. *Id.* ¶49, 61. That 18-month period expired on December 23, 2022.

Plaintiffs obtained a written ruling from the Town on September 1, 2021, informing them that using their house as a dedicated STR was not a legal nonconforming use. Compl. at 3. After appealing to the Board of Adjustment, Plaintiffs brought a subsequent appeal in nature of certiorari in Orange County Superior Court, which is currently pending. *Id.; see also* Petition for Writ of Certiorari, *Joe and Irene Valentine v. Town of Chapel Hill*, No. 21 CVS 00341 (Orange Cnty. Sup.

Ct. Nov. 22, 2021), Doc. 9-3. Plaintiff's certiorari action remains pending.[1]

The subject of Plaintiffs' certiorari decision is the determination by a Town zoning official, and the decision of the Town's Board of Adjustment during Plaintiffs' subsequent appeal of that administrative decision, that Plaintiffs' operating their residence as a short-term rental after the enactment of the STR Ordinance is not a legal non-conforming use. *See* Petition, Doc. 9-3 at 1-2. Pursuant to North Carolina law, enforcement of a zoning regulation is stayed during the appeal of an administrative decision, and any subsequent judicial proceedings. N.C.G.S. § 160D-405(f). As such, enforcement of the STR Ordinance against Plaintiffs is stayed pending resolution of the proceedings in Orange County Superior Court.

## ISSUE PRESENTED

Have Plaintiffs failed to establish that they are

---

[1] Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, Defendant requests that the Court take judicial notice of the records and actions of the proceedings pending between the parties in Orange County Superior Court. *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (taking judicial notice of state-court proceedings "involving the very property and issues involved in this proceeding.")

entitled to the extraordinary remedy of a preliminary injunction?

## ARGUMENT

Plaintiffs are not entitled to the requested preliminary injunctive relief, because Plaintiffs have not made a clear showing of each element required for Plaintiffs to prevail on their motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). In such cases, the court balances the competing claims of injury and the effect on each party of granting or withholding relief, with particular regard to the public consequences. *Id.* (purgandum). Under LR 65.1(b), this Court will "consider[] and determine[]" the motion "…on the official court file including affidavits, briefs and other documents filed in support thereof without oral argument or testimony unless otherwise ordered by the Court."

### I. Plaintiffs have not established that they are entitled to a preliminary injunction.

Before any preliminary injunction may issue, movants must make a clear showing of four elements: (1) that they are likely to succeed on the merits, (2) that they are likely to

suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Red Wolf Coal. v. United States Fish & Wildlife Serv.*, 210 F. Supp. 3d 796, 802 (E.D.N.C. 2016).

    A. <u>Plaintiffs are not likely to succeed on the merits of their claims.</u>

Plaintiffs argue that they are likely to prevail on the merits of their arguments that the STR Ordinance is unlawful and unconstitutional. As previously briefed by Defendant, Plaintiffs' Complaint fails to state a claim upon which relief may be granted, much less meritorious claims that Plaintiffs are likely to prevail on.[2] Plaintiffs have not established that they are entitled to injunctive relief on this element, which is fatal to their requested relief.

    B. <u>Plaintiffs have failed to make a clear showing of irreparable harm absent the requested injunction.</u>

As discussed above, any enforcement of the STR Ordinance against Plaintiffs is stayed while the state court

---

[2] Defendant incorporates by reference its previously filed briefing on the merits of Plaintiffs' claims. See Def.'s Mot. to Dismiss, Doc. 9; Br. in Supp. of Def.'s Mot. to Dismiss, Doc. 10; Reply Br. in Support of Def.'s Mot. to Dismiss, Doc. 13; and Resp. in Opp. to Pls.' Mot. to Amend, Doc. 15.

8

proceedings are pending. If the state court proceedings are resolved against them, Plaintiffs may appeal to the North Carolina Court of Appeals, and the stay will remain in place. Plaintiffs have utterly failed to demonstrate any potential for harm, because Plaintiffs are not facing enforcement of the STR Ordinance.

Additionally, Plaintiffs have not submitted evidence in the form of affidavits or other supporting documents to support the assertions of financial harm stated in their motion. Assuming *arguendo* Plaintiffs' unsupported arguments of financial harm are taken as true, Plaintiffs' demonstration of potential monetary damages is insufficient to justify granting injunctive relief.

As a general matter, temporary, episodic injuries that can be compensated by the award of money damages are not considered irreparable harms. *A Helping Hand, LLC v. Baltimore Cnty.*, 355 F. App'x 773, 776 (4th Cir. 2009) (holding that cost of relocation "does not constitute irreparable (rather than temporary) injury," because "money damages could compensate any cost" of relocation (citing *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507,

9

312 U.S. App. D.C. 427 (D.C. Cir. 1995) ("[I]n the absence of special circumstances, . . . recoverable economic losses are not considered irreparable."))); *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Monetary relief typically may be granted as easily at judgment as at a preliminary injunction hearing, and a party does not normally suffer irreparable harm simply because it has to win a final judgment on the merits to obtain monetary relief."). Here, if the state-court judicial proceedings resolve against Plaintiffs prior to a determination by this Court, and if the Town enforced the STR Ordinance against Plaintiffs, all Plaintiffs would suffer is money damages. Plaintiffs have not established evidence of extraordinary circumstances beyond monetary damages that would be needed to justify injunctive relief.

It is generally accepted that where "there is a likely constitutional violation, the irreparable harm factor is satisfied," but the factor remains unsatisfied here because Plaintiffs fail to demonstrate a likely constitutional violation. *See Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021). As previously

10

discussed by Defendant, Plaintiffs have not demonstrated a likely constitutional violation. As such, because a stay is already in place, because Plaintiffs' only potential harm is monetary, and because Plaintiffs have not shown a likelihood of constitutional injury, Plaintiffs have not made the required showing of irreparable harm entitled to injunctive relief.

    C. <u>Neither equity nor the public interest weighs in favor of Plaintiffs' requested injunctive relief.</u>

Because Plaintiffs have not made a clear showing that they should be granted equitable relief or that the public interest weighs in favor of the requested injunction, both of which are independently necessary to awarding a preliminary injunction, Plaintiffs' motion for preliminary injunction should be denied.

The decision to award equitable relief always lies in the discretion of the Court. *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 78 (4th Cir.1989). Even when a party demonstrates all the elements usually required for an award of equitable relief, a court "may still deny a preliminary injunction in its 'equitable discretion.'" *Signature Flight Support v. Landow Aviation Ltd.*, 698

11

F.Supp.2d 602, 624 (E.D. Va. 2010). There is no need for fairness to correct any of the existing circumstances, because enforcement of the STR Ordinance is already stayed during resolution of the North Carolina judicial proceedings in state court. Plaintiffs' request for relief is moot.

Moreover, Plaintiffs have not clearly shown that their requested injunction supports the public interest. The Town Council adopted the STR Ordinance after a careful process of notice and comment. The Town's elected officials determined the regulation to the in the best interest of the Town's residents, which determination should be afforded more deference than Plaintiffs' self-serving request. Plaintiffs have not established any evidence that the requested relief would be in the public interest.

## CONCLUSION

Because Plaintiffs have established none of the necessary elements required before a preliminary injunction may issue, Defendant TOWN OF CHAPEL HILL respectfully requests that the Court deny Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted, this the 13th day of January, 2023.

**HARTZOG LAW GROUP LLP**

*/s/ Katherine Barber-Jones*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail:
    dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-
    jones@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the word count limit in Local Rule 7.3(d)(1). The number of words in the body, headings, and footnotes of this brief, exclusive of the caption, table of contents, signatures, and required certificates, does not exceed 6,250 words, according to the word count function of the software used to prepare this brief.

<em>/s/ Katherine Barber-Jones</em>

14

Case 1:22-cv-00102-WO-JEP   Document 23   Filed 01/13/23   Page 14 of 15

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to counsel for the parties, who are all registered CM/ECF participants.

This the 13th day of January, 2023.

**HARTZOG LAW GROUP LLP**

*/s/ Katherine Barber-Jones*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
*Attorneys for Defendant Town of Chapel Hill*