

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOE VALENTINE and IRENE VALENTINE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:22-cv-102 |
| TOWN OF CHAPEL HILL, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Joe and Irene Valentine bring this action against the Town of Chapel Hill alleging a myriad of federal and state claims arising from a town zoning ordinance, which Plaintiffs contend precludes their use of real property as a dedicated short-term rental. (See Compl. (Doc. 1).) Defendant the Town of Chapel Hill has moved to dismiss the complaint, (Doc. 9), Plaintiffs have moved to amend the complaint, (Doc. 14), and Plaintiffs have moved for a preliminary injunction, (Doc. 20). For the reasons set forth herein, Plaintiffs' motion to amend the complaint, (Doc. 14), will be granted, Defendant's motion to dismiss, (Doc. 9), will be denied without prejudice, and Plaintiffs' motion for a preliminary injunction, (Doc. 20), will be denied.

I. **MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs allege that Defendant enacted an ordinance regulating short-term rentals that is unconstitutional and contrary to North Carolina law. (See Doc. 20 at 1.) Plaintiffs further allege that following an eighteen-month grace period after enactment of the ordinance, Defendant intends to enforce the ordinance beginning in January 2023, (id.), and that "Plaintiffs reasonably fear that Defendant will take enforcement action against them while this matter is pending, resulting in certain and irreparable financial loss and/or penalties," (id. at 2). On the basis of these and related facts, Plaintiffs move for a preliminary injunction prohibiting enforcement of the ordinance until this case is resolved. (Doc. 20 at 23-24.)

Defendant responds in opposition to the motion for preliminary injunction alleging, inter alia, as follows:

> The subject of Plaintiffs' certiorari decision is the determination by a Town zoning official, and the decision of the Town's Board of Adjustment during Plaintiffs' subsequent appeal of that administrative decision, that Plaintiffs' operating their residence as a short-term rental after the enactment of the STR Ordinance is not a legal non-conforming use. See Petition, Doc. 9-3 at 1-2. Pursuant to North Carolina law, enforcement of a zoning regulation is stayed during the appeal of an administrative decision, and any subsequent judicial proceedings. N.C.G.S. § 160D-405(f). As such, enforcement of the STR Ordinance against Plaintiffs is stayed pending resolution of the proceedings in Orange County Superior Court.

(Doc. 23 at 6.) Plaintiffs have not replied or otherwise disputed this representation by Defendant.

This court recognizes that "the denial of a constitutional right . . . constitutes irreparable harm for purposes of equitable jurisdiction." Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987). Here, however, North Carolina law prohibits the denial of a constitutional right during the pendency of the state action. Under these circumstances, it does not appear that irreparable harm is likely, Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008), nor does it appear irreparable harm is "actual and imminent," Scotts Co. v. United Indus. Corp., 315 F.3d 264, 283 (4th Cir. 2002). This court therefore finds that Plaintiffs have failed to establish irreparable harm in the absence of preliminary relief, Winter, 555 U.S. at 20, and the motion for a preliminary injunction, (Doc. 20), should be denied.

## II. PLAINTIFF'S MOTION TO AMEND

Plaintiffs move to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) to add three additional claims for relief. (Doc. 14.) Defendant has responded in opposition, contending that the proposed amended complaint is futile, for the reasons set forth in Defendant's brief accompanying the motion to dismiss and for additional reasons provided in the response to

the motion to amend. (Doc. 15.) This court finds that Plaintiffs' complaint should be amended, but for reasons explained below in addition to those alleged by Plaintiffs.

First, Federal Rule of Civil Procedure 8 requires that a pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). A court will not accept mere legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Relatedly, Federal Rule of Civil Procedure 10 states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Further,

> [t]he preferred practice of pleading is to state various claims for relief in separate counts. See Fed. R. Civ. P. 10(b). Otherwise, the onus . . . is on the court to decipher which facts support which claims, as well as to determine whether plaintiffs are entitled to the relief sought. This type of pleading does a disservice to the court . . . .

Haynes v. Anderson & Strudwick, Inc., 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981).

> Rule 10(b) works with Rule 8(a) to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.

Sterling v. Ourisman Chevrolet of Bowie Inc., 943 F. Supp. 2d 577, 598 (D. Md. 2013) (cleaned up).

Plaintiffs' original complaint, (Doc. 1), and proposed amended complaint, (Doc. 14), are arguably in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. These pleadings create significant confusion to the court in terms of "deciphering which facts support which claims." See Haynes, 508 F. Supp. at 1307 n. 1.

For example, with respect to jurisdiction, Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1331, based upon claims arising under the United States Constitution. (Doc. 1 at 4.) Plaintiffs appears to assert various federal claims as direct claims under the Constitution, and nowhere do they assert that these claims arise under 42 U.S.C. § 1983 ("Section 1983"). (See, e.g., Doc. 1 ¶¶ 86, 98, 131.) However, Plaintiffs are suing the Town of Chapel Hill, an incorporated municipality and body politic located in Orange County, North Carolina. Section

1983 "provides a remedy for individuals alleging deprivations of their constitutional rights by action taken 'under color of state law.'" Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 399 (1979). "By its own terms, § 1983 only applies to state actors acting under color of state law, not federal actors acting under color of federal law." Irving v. PAE Gov't Servs., Inc., 249 F. Supp. 3d 826, 835 (E.D. Va. 2017).

In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court held that Section 1983 applies to municipalities. While the record here does appear to suggest that federal jurisdiction may exist, Plaintiffs' failure to mention Section 1983, if applicable, makes it difficult for this court to assess its jurisdiction. It is not an academic exercise for this court to decipher the facts and claims asserted by Plaintiffs. "[C]ourts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2008). Additionally, the fact that Plaintiffs are apparently pursuing a remedy in state court via certiori petition, as alleged by Defendant, (see Doc. 23 at 6), compels this court to consider whether the claims in this case are ripe. This court has found it challenging to resolve any

- 6 -

Case 1:22-cv-00102-WO-JEP   Document 25   Filed 02/24/23   Page 6 of 12

jurisdictional questions as a result of the confusing nature as to the basis and theory of certain claims by Plaintiffs.

Second, rather than clearly state different claims in different counts, Plaintiffs cobble together different claims within individual counts. For example, Plaintiffs allege as a Second Claim for Relief:

> 83. Plaintiffs ask that the Court declare the STR Ordinance not valid on the basis that it is a violation of Plaintiffs' constitutional right to due process.
>
> 84. The North Carolina State Constitution, Article 1, § 19 (the "Law of the Land" clause), provides: "No person shall be . . . deprived of his life,' liberty or property, but by the law of the land."
>
> 85. This is synonymous with the Fourteenth Amendment to the United States Constitution, which provides: "[N]or shall any State deprive any person of his life, liberty, or property, without due process of law."
>
> 86. These due process provisions provide protection against the arbitrary action of government, including the exercise of power without reasonable justification in the service of a legitimate government objective.

(Doc. 1 at 21.) Perhaps those claims are synonymous, and perhaps not. Regardless, a claim under the North Carolina Constitution is a different claim from one under the United States Constitution. As another example, it is not clear to this court whether the allegations set forth in paragraphs 88 and 89 of the

Complaint, (Doc. 1 at 22), apply to a claim under the North Carolina Constitution, the United States Constitution, or both.

Third, Rule 8 requires a short and plain of the claim. "A court will not accept mere legal conclusions as true," and "mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678. Plaintiffs' complaint contains facts, conclusions, and legal conclusions, all of which make deciphering the claims difficult. For example, Plaintiffs allege that "[t]he Town Council disregarded its Planning Commission's recommendations as well as judicial precedent and opposition from numerous STR owners expressed at its virtual public meetings and unanimously voted at its June 23, 2021 meeting to enact the STR Ordinance." (Doc. 1 at 14.) However, in support of their Sixth Claim for Relief alleging a violation of the Open Meetings Law, Plaintiffs simply allege in conclusory fashion that recommendations in favor of the ordinance suggested the ordinance contain a grandfathering clause for existing STRs, but a grandfathering clause was "never publicly debated and was not included in the final ordinance" and "[t]he decision not to grandfather existing uses was made outside the public eye in violation of the Open Meetings Law." (Doc. 1 at 29.) This allegation does not plausibly establish whether the decision not to grandfather was made in violation of any applicable Open Meetings law. Instead,

it appears to simply be a conclusion by Plaintiffs or a mere threadbare recital of the elements of a claim.

Fourth, the original complaint is replete with argument and citation to legal authority. (See, e.g., Doc. 1 at 25.) This is arguably a violation of both Fed. R. Civ. P. 8(a)(2) and the Local Rules. Legal argument is owed no deference in a complaint, as a court will not accept mere legal conclusions as true. Iqbal, 556 U.S. at 678. Furthermore, responsive briefs shall not exceed 6,250 words. LR 7.3(d). Plaintiffs certify that their response brief to Defendant's motion to dismiss does not exceed 6,250 words. (Doc. 11 at 24.) However, this certification does not explain whether Plaintiffs have included, as part of the word count for the brief, the legal arguments contained in the complaint even though Plaintiffs appear to incorporate those arguments in the brief. Plaintiffs state that "Plaintiff's factual statement is set forth in detail in their Complaint filed previously in this matter, to which reference is hereby made." (Doc. 11 at 1.) It is therefore not clear whether the "facts" Plaintiffs reference include the legal arguments made by case citation in the complaint.

These issues apply both to Plaintiffs' original complaint, (Doc. 1), and to Plaintiffs' proposed amended complaint, (Doc. 14). Nevertheless, "[w]here a [party] fails to comply

with Rule 10(b), the typical remedy is to allow the party to amend the complaint." Hill v. Jamestown-Yorktown Found., No. 4:18CV137, 2019 WL 3084242, at *3 (E.D. Va. July 15, 2019) (citing 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1322 (4th ed.) ("Even when a failure to comply with Rule 10(b) is shown, leave to amend ought to be made available to the offending pleader since the defect does not go to the merits of the action.")). Additionally, a district court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this liberal rule, "a district court may deny leave to amend if the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

In the present case, it appears to this court that Plaintiffs should be allowed to amend their complaint. Given recent authority such as Hignell-Stark v. City of New Orleans, 46 F.4th 317 (5th Cir. 2022) and Nekrilov v. City of Jersey City, 45 F.4th 662 (3rd Cir. 2022), this court is not able to say on this record with any degree of certainty whether Plaintiffs' proposed amendments are futile or not. Thus, this

court finds the merits of any amended pleading are more appropriately addressed following the filing of an amended complaint.

This court therefore finds that Plaintiffs' motion to amend, (Doc. 14), should be granted; this is so Plaintiffs may address any additional claims Plaintiffs believe have merit and may be plausibly pled and so Plaintiffs may address the additional issues described herein.

## III. MOTION TO DISMISS

Defendant moves to dismiss Plaintiffs' original complaint. (Doc. 9). Because this court has allowed Plaintiffs to amend their complaint, this court finds that the motion to dismiss is not ripe and should therefore be denied. Generally, "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000)).

If Plaintiffs elect not to file an amended complaint, then Defendant may re-file the motion to dismiss, (Doc. 9), in its original form. Or, in light of the issues raised herein, Defendant may re-file the motion to dismiss and address whether the federal claims asserted by Plaintiffs are ripe for

adjudication in this court. If Plaintiffs elect to file an amended complaint, this denial of Defendant's motion to dismiss is without prejudice to Defendant moving to dismiss the amended complaint if warranted.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Preliminary Injunction, (Doc. 20), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Complaint, (Doc. 14), is **GRANTED**. Plaintiffs shall file an Amended Complaint asserting such claims as Plaintiffs deem plausible and addressing the matters described herein on or before March 7, 2023.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. 9), is **DENIED WITHOUT PREJUDICE** to refiling the motion once Plaintiffs file an amended complaint.

This the 24th day of February, 2023.

/s/ William L. Osteen, Jr.
United States District Judge

- 12 -

Case 1:22-cv-00102-WO-JEP   Document 25   Filed 02/24/23   Page 12 of 12