IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:22-cv-102

| | |
|---|---|
| JOE VALENTINE and IRENE VALENTINE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TOWN OF CHAPEL HILL, | ) ) |
| Defendant. | ) ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant TOWN OF CHAPEL HILL (the "Town" or "Defendant") submits the following Reply Brief to Plaintiffs' Response in Opposition [DE 30] ("Opposition Brief") to Defendant's Motion to Dismiss and Brief in Support [DE 28] ("Supporting Brief").

## ARGUMENT

**I. PLAINTIFFS FAILED TO PLEAD PLAUSIBLE CLAIMS OF UNLAWFUL, UNCONSTIUTIONAL, OR *ULTRA VIRES* ACTION BY THE TOWN COUNCIL.**

A. <u>Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was arbitrary and capricious.</u>

Plaintiffs' claims against the Town's enactment of the STR Ordinance challenge a legislative decision by the Town Council to amend the Town's zoning ordinances. Duly adopted zoning ordinances are presumed valid. *Zopfi*

*v. City of Wilmington*, 273 N.C. 430, 436, 160 S.E.2d 325, 332 (1968). The legislative zoning power is limited by forbidding arbitrary and capricious interference with the rights of property owners. *Id.* at 434, 160 S.E.2d at 330.

Plaintiffs argue that decisions illustrating the "arbitrary and capricious" standard are "inapposite" because they concern "rezonings," as though rezonings are distinguishable from other amendments to zoning ordinances. Both rezonings and amendments to zoning ordinances involve the "passage of an ordinance to change zoning," which is a legislative act. *See Mitchell v. Orange Cnty.*, 2022-NCCOA-362, ¶7, 871 S.E.2d 878 (citing *Cnty. of Lancaster v. Mecklenburg Cnty.*, 334 N.C. 496, 513, 434 S.E.2d 604, 6125 (1993)). The STR Ordinance attached to the Complaint regulates whether and how owners of residences may use them to operate short-term rental businesses in residential neighborhoods, prohibiting the use altogether in certain zones. Accordingly, both rezonings and the STR Ordinance enactment were legislative zoning acts, and the arbitrary and capricious standard applies.

Plaintiffs' burden of pleading sufficient facts to show a violation of this standard is heavy. *See Teague v. Western Carolina Univ.*, 108 N.C. App. 689, 692, 424 S.E.2d 684, 686 (1993). Plaintiffs' factual allegations, even taken as true, have not met the burden. *See* Supporting Brief at 13-15. It is apparent from the face of the STR Ordinance that there is a "plausible basis" for believing it will promote the health, welfare, and safety of the people of Chapel

Hill. *Id.* Even when viewed in the light most favorable to the Plaintiff, the facts alleged regarding the adoption of the STR Ordinance are only speculation regarding the subjective motives of the Town Council members and the basis for their disagreement with the Planning Board. However, proof of "arbitrary and capricious" lawmaking is evaluated from an objective basis – whether there is "no plausible basis" for the regulation. The subjective motives of legislators are not an area for judicial review. *See Bogan v. Scott-Harris*, 523 U.S. 44, 50 (1998). Plaintiffs' argument entirely fails to address the arbitrary and capricious standard as established by North Carolina courts.

Instead, Plaintiffs argue that the Town's adoption of the STR Ordinance ". . . imposed brand new restrictions not previously tested for constitutional fitness and is therefore subject to a greater level of scrutiny than a rezoning." Opposition Brief at 7. The constitutionality of the Town's decision is not the same as reviewing the decision for whether it is invalid for being arbitrary and capricious. Additionally, in Plaintiffs' only cited authority, *Dailey v. City of Lawton*, 425 F.2d 1037, 1039 (10th Cir. 1970), the Tenth Circuit reviewed an enactment under strict scrutiny because racial discrimination was alleged. Adding an STR use restriction to residential zoning is not analogous to alleged invidious racial discrimination; as such, *Dailey* is inapposite.

Plaintiffs also argue that "[w]hen a municipality enacts an ordinance that exceeds its delegated authority, the courts can and must invalidate that

3

action." Opposition Brief at 7. However, this argument that the Town's act was *ultra vires* is separate from whether the Town's decision was arbitrary and capricious. *See* Compl. ¶¶63-81. Ultimately, Plaintiffs have not shown a basis for their challenge to the enactment of the STR Ordinance as arbitrary and capricious, and those claims should be dismissed.

> B. <u>Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was in violation of Plaintiffs' right to due process.</u>

Plaintiffs have not responded to Defendant's arguments that Plaintiffs advance a substantive due process claim and that Plaintiffs' alleged constitutional injury is redressable through available process. Plaintiffs' failures to respond to these arguments means that they have been conceded. *See, e.g., Hadley v. City of Mebane*, No. 1:18CV366, 2020 WL 1539724, at *6 (M.D.N.C. Mar. 31, 2020). Accordingly, Defendant's motion to dismiss on these claims should be granted.

> C. <u>Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was in violation of Plaintiffs' right to equal protection.</u>

Plaintiffs' challenge to the STR Ordinance on equal protection grounds should be dismissed because the regulation is "rationally related to a legitimate state interest." *See Pulte Home Corp. v. Montgomery Cnty., Maryland*, 909 F.3d 685, 693 (4th Cir. 2018). Plaintiffs argue that the Town lacks a "legitimate" interest in regulating STRs because Plaintiffs' dedicated

4

STR does not cause the harms to the community that the STR Ordinance was intended to address. It is immaterial whether Plaintiffs' own operation of a dedicated STR business at their former residence caused the feared ill effects. Legislative decisions, like the adoption of the STR Ordinance, are "those that affect the entire community because they set general policies that are applicable throughout the zoning ordinance." *See Northfield Dev. Co. v. City of Burlington*, 136 N.C. App. 272, 282, 523 S.E.2d 743, 750 (2000); *Alexander v. Holden*, 66 F.3d 62, 66 (4th Cir. 1995)). The STR Ordinance addressed threats to public health, safety and well-being across the Town.

Plaintiffs also argue that the STR Ordinance distinguishes between owner-occupied and non-owner-occupied residences, and that such a categorization is unlawful in North Carolina. Opposition Brief at 9. However, Plaintiffs' argument fails, because the distinction in the STR Ordinance is based upon the use of the property, *i.e.*, whether it is used as a primary residence. A non-dedicated STR could arise from a long-term lessor facilitating the STR. As such, the regulation does not discriminate on the basis of ownership, but on the basis of whether the property is primarily used as a "residence." The dictionary definition of "residence" is "a building used as a home." *See* Merriam-Webster "Residence," Merriam-Webster.com Dictionary, available at: https://www.merriam-webster.com/dictionary/residence (last accessed April 18, 2023). Regardless of the potential benefits of short-term

rentals, in no way is a dedicated STR a "residence" or residential use. Accordingly, Plaintiffs' arguments that the STR Ordinance is not based on a legitimate state interest must fail.

Plaintiffs' arguments that the Planning Board disagreed with the Town Council does not make the Town Council's decision irrational, and Plaintiffs' allegations fail to show whether, objectively, no "reasonably conceivable state of facts could provide a rational basis for the classification." *See Pulte Home Corp.*, 909 F.3d at 693. As such, Plaintiffs' equal protection claims should be dismissed.

> D. <u>Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance deprived Plaintiffs of a vested right.</u>

"A party claiming a common law vested right… must show: (1) substantial expenditures; (2) in good faith reliance; (3) on valid governmental approval; (4) resulting in the party's detriment." *Walton N. Carolina, LLC v. City of Concord*, 257 N.C. App. 227, 232, 809 S.E.2d 164, 168 (2017). Plaintiffs argue that the facts alleged regarding their expenditures are sufficient to proceed beyond a motion to dismiss. While Plaintiffs' allegations regarding their expenditures must be taken as true, as alleged, the expenditures were not "substantial" or dependent upon short-term rental use. Failure to make expenditures that are "substantial . . . in reliance" on the ordinance is sufficient to prevent a right from vesting. *See MLC Auto., LLC v. Town of S. Pines*, 207

6

N.C. App. 555, 564, 702 S.E.2d 68, 75 (2010). Plaintiffs' expenditures did not differ in nature from improvements that could be undertaken for a long-term rental or other use of the house as a primary residence. As such, Plaintiffs' expenditures in "reliance" on the alleged lack of regulation were not "substantial," and Plaintiffs have not pled sufficient facts to establish this element of a vested right.

Plaintiffs argue further that their use was lawful because the prohibitions on "business" uses in their district was ambiguous as applied to STRs. *See* Opposing Brief at 12-13. However, the LUMO's use restrictions were both positive and negative. "[A]ffirmative" covenants designating that an authorized use of land is for residential purposes differ from "negative" covenants prohibiting the use of land for business or commercial purposes. *Russell v. Donaldson*, 222 N.C. App. 702, 706, 731 S.E.2d 535, 538 (2012). The LUMO designated uses for Plaintiffs' district as residential and prohibited all business or commercial uses. As discussed above, use of a property as a "residence" differs inherently from designated-STR use. As previously briefed, use of a house as a designated STR is a prohibited business use. *See* Supporting Brief at 20-22. Further, as discussed in Defendant's Supporting Brief, Plaintiff does not and cannot allege that they relied on valid governmental approval, as they did not seek or obtain approval to operate a designated short-term rental in their house in a R-2 district. *See* Supporting Brief at 21-22. As such,

7

Plaintiffs' claims that previous zoning ordinances prohibiting business use and allowing only residential uses did not make their designated-STR use unlawful should be dismissed.

### E. Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was *ultra vires*.

Plaintiffs argue that the Town lacked authority to enact the STR Ordinance because the Town may not regulate the manner of property ownership. *See* Opposing Brief at 14-17. As discussed in Section I.C., *supra*, the STR Ordinance does not require <u>owner</u> occupancy for a house to become a non-designated STR, but rather, that the <u>primary</u> use of the house be as a <u>residence</u>. Accordingly, the STR Ordinance does not require owner-occupancy or regulate ownership, and Plaintiffs' cited cases do not demonstrate that the Town's act was *ultra vires*.

Plaintiffs further argue that the decision in *Schroeder v. City of Wilmington* does not apply to the Town's regulation of STRs, but this argument must also fail. In *Schroeder*, the Court of Appeals squarely held that "the restriction of whole-house lodging to certain zoning districts" is not preempted. 2022-NCCOA-210 at ¶25. As Plaintiffs' *ultra vires* allegations were based solely upon regulation of ownership and preemption, *see* Complaint ¶¶112-120, 132-39, Plaintiffs' claims that the Town acted beyond its authority should be dismissed.

### F. Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was in violation of Open Meetings Law.

Defendant moved to dismiss Plaintiffs' claim that the enactment of the STR Ordinance violated North Carolina's Open Meetings Law because Plaintiffs failed to allege that a majority of the members of the Town Council met and discussed the STR Ordinance outside of an open meeting, which is necessary to allege a substantive violation of the Law, as well as that the statute provides for exclusive state-court jurisdiction and specifies a 45-day limit for bringing claims. *See* Supporting Brief at 24-26. Plaintiffs' Response fails to address Defendant's first argument that Plaintiffs failed to allege a substantive violation of the Open Meetings Law, and that argument is therefore conceded. *See, e.g.*, *Hadley*, 2020 WL 1539724, at *6. Plaintiffs argue that their claims that the STR Ordinance is unconstitutional and *ultra vires* saves their Open Meetings Law claim from being time-barred, because Section 160D-1403.1, which provides a cause of action for challenging development regulations, was enacted more recently than the Open Meetings Law. However, even assuming *arguendo* that Section 160D-1403.1 could be read to include challenges to a development regulation based on the Open Meetings Law, which Plaintiffs do not address, there is no conflict between statutes. Well-established North Carolina law provides that the limitations period that "deals more particularly with the precise situation presented by plaintiff's

9

claims" should apply. *Fowler v. Valencourt*, 334 N.C. 345, 349, 435 S.E.2d 530, 533 (1993). Here, to the extent Plaintiffs' claims are based on Open Meetings Law, the limitations period in that statute applies. Because Plaintiffs' purported claims under Open Meeting Law were brought more than 45 days after the enactment of the STR Ordinance, those claims are time-barred.

> G. <u>Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance was prohibited by the Dormant Commerce Clause.</u>

The STR Ordinance does not violate the dormant commerce clause, because Plaintiffs have not met the burden of pleading that the local interest served are not legitimate or that the STR Ordinance places a "significant" burden on interstate commerce. *See* Supporting Brief at 26-28. Plaintiffs' argument fails to use the applicable standard for analysis. The cases cited by Plaintiffs are inapposite because they address only regulations that expressly discriminate between in-state and out-of-state residents, or are "facially discriminatory." *See* Opposition Brief at 18-20.

In *Oregon Waste Systems*, in the passage cited in part by Plaintiffs, the Supreme Court explained that different tests are applied based upon whether a law is "per se" discriminatory or not. *See Oregon Waste Sys., Inc. v. Dep't of Env't Quality of State of Or.*, 511 U.S. 93, 99 (1994). The regulation at issue in *Oregon Waste Systems*, a schedule of different fees charged for in-state versus out-of-state waste, was "discriminatory on its face." *Id.* Similarly, in *Camps*

*Newfound/Owatonna, Inc.*, also cited by Plaintiffs, charities that served in-state residents received tax exemptions not available to charities "conducted or operated principally for the benefit of persons who are not residents of Maine." *Camps Newfound/Owatonna, Inc. v. Town of Harrison, Me.*, 520 U.S. 564, 568 (1997). Neither case addressed the type of regulation at issue here, which does not involve express in-state or out-of-state distinctions (and Plaintiffs have not alleged that it does). If "local STR operators" or North Carolina residents of other towns do not occupy their residence or lease it to another who occupies it as a primary residence, they face the same bar as Plaintiffs. Accordingly, the STR Ordinance is not "facially discriminatory," and a different test applies.

Nondiscriminatory regulations that have only incidental effects on interstate commerce, such as the STR Ordinance, are invalid only if "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits," *see Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142 (1970), as previously briefed by Defendant. *See* Supporting Brief at 26-28. Plaintiffs have not pled sufficient facts to show that the STR Ordinance places a "clearly excessive" burden on interstate commerce.

Many courts agree that a prohibition of "dedicated" STRs, as opposed to short-term rentals in a residence that is primarily used as a primary residence, does not burden interstate commerce in violation of the dormant commerce

11

clause and have reached these decisions without "detailed review of the factual record." *See* Opposition Brief at 22. This argument was rejected in reviewing a grant of a motion to dismiss in *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 451 (9th Cir. 2019). Another court granted a motion for judgment on the pleadings on a challenge to an ordinance prohibiting all short-term home rentals, because both in-state and out-of-state residents could rent a house for more than 30 days. *See Short Term Rental Owners Ass'n of Georgia, Inc. v. Cooper*, 515 F. Supp. 3d 1331, 1351 (N.D. Ga. 2021), *aff'd sub nom. Heyman v. Cooper*, 31 F.4th 1315 (11th Cir. 2022). This placed only an incidental burden on interstate commerce. *See id.*, *see also Skycorp Ltd. v. King Cnty.,* No. C20-1632-JCC, 2021 WL 135846, at *3 (W.D. Wash. Jan. 14, 2021), *aff'd in part, Skycorp Ltd v. King Cnty.*, 859 F. App'x 780 (9th Cir. 2021) (granting a motion to dismiss). No factual record is required to determine, as this Court should, that Plaintiffs' Complaint fails to allege a "clearly excessive" burden on interstate commerce.

### H. Plaintiffs have not sufficiently pled that the Town's enactment of the STR Ordinance is in violation of "Freedom of Movement."

The STR Ordinance does not impact or burden Plaintiff's "freedom of movement" or right to travel. Despite Plaintiffs' contention, the STR Ordinance does not discriminate against out-of-state property owners; the ordinance does not even mention state citizenship, only whether the property at issue is

12

primarily used as a "residence." The state citizenship status of the owner is wholly irrelevant.

Further, Plaintiffs have failed to allege that they have been impeded from traveling or from settling in any state because of the STR Ordinance. Instead, they make broad, generalized statements about the Ordinance with no actual ties to any alleged injury on Plaintiffs' part. Their claim is therefore subject to dismissal. *See Nordlinger v. Hahn*, 505 U.S. 1, 10-11 (1992) (holding that where the plaintiff failed to allege that she herself had been prevented from traveling or settling in the relevant state, she had not stated a claim for violation of her constitutional right to travel).

## II. PLAINTIFFS FAIL TO SHOW THAT THIS ACTION SHOULD NOT BE ABATED.

This action should be abated while Plaintiffs' state-court challenge to the Town's decision is pending. Plaintiffs contend abatement is inappropriate, arguing that the "legal issues" differ between this action and Plaintiffs' state-court action for certiorari review, because Plaintiffs' challenges to the constitutionality and legality of the STR ordinance are not before the other court. *See* Opposition Brief at 3-6. However, Plaintiffs' state-court action will involve many of the same issues Plaintiffs have presented to this Court: whether the Town acted arbitrarily or capriciously, whether the Town violated Plaintiffs' due process or other constitutional rights, whether the Town acted

13

in excess of its authority (*i.e., ultra vires*), and whether the Town's decision was affected by some other legal error, including whether Plaintiffs had a vested right in the use. *Compare* Complaint, DE 1, *with* Petition ¶¶ 53-54, DE 9-3 at 2.

Moreover, Plaintiffs seek the same relief in both actions, through different procedural mechanisms. In state court, Plaintiffs seek reversal of the Town's quasi-judicial decision that Plaintiffs may not be excused from the STR Ordinance on their property, because their use was unlawful prior to its enactment. In this action, Plaintiffs seek declarations that the STR Ordinance is invalid or unconstitutional, and thus, cannot legitimately restrict Plaintiffs' desired use. However, the ultimate relief is identical: preventing the STR Ordinance from barring Plaintiffs' operation of a dedicated STR business in their former Chapel Hill residence. The Orange County Superior Court could declare Plaintiffs' use lawful, while this Court could decide the opposite. As such, the potential for inconsistent determinations makes this matter appropriate for abatement. *See* Supporting Brief at 8-9.

## CONCLUSION

For the foregoing reasons, Defendant Town of Chapel Hill respectfully renews its request that its Motion to Dismiss be GRANTED and Plaintiffs' claims be DISMISSED WITH PREJUDICE.

This the 24th day of April, 2023.

**HARTZOG LAW GROUP LLP**

*/s/ Dan M. Hartzog, Jr.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail: rposey@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Chapel Hill*

15

## CERTIFICATE OF COMPLIANCE

This Reply Brief complies with the word count limit set forth in Local Civil Rule 7.3(d)(1). The number of words in the body, headings, and footnotes of this Reply Brief, exclusive of the caption, table of contents, signatures, and required certificates, does not exceed 3,125 words, according to the word count function of the software used to prepare this Reply Brief.

*/s/ Dan M. Hartzog, Jr.*

16

Case 1:22-cv-00102-WO-JEP  Document 31  Filed 04/24/23  Page 16 of 17

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that this day the foregoing was filed with the Court's CM/ECF system, which will serve Plaintiffs through counsel of record:

Randy H. Herman
BA FOLK, PLLC
P.O. Box 90426
Raleigh, NC 27675
rherman@bafolk.com
*Attorney for Plaintiff*

This the 24th day of April, 2023.

**HARTZOG LAW GROUP LLP**

*/s/ DAN M. HARTZOG, JR.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail: rposey@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Chapel Hill*